# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

JUDITH SKIBA                                                                PLAINTIFF

v.                                                    CIVIL NO. 1:16cv444-HSO-JCG

ROBERT SASSER, ET AL.                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION [24] TO REOPEN CASE AND SET ASIDE JUDGMENT FOR FRAUD, MISREPRESENTATION, AND MISCONDUCT, AND DENYING HER PETITION [26] TO VACATE ARBITRATION AWARD

BEFORE THE COURT are Plaintiff's Motion [24] to Reopen Case and Set Aside Judgment for Fraud, Misrepresentation, and Misconduct, and her Petition [26] to Vacate Arbitration Award. The Motion and Petition are fully briefed. After due consideration of the record as a whole and relevant legal authority, the Court finds that Plaintiff's Motion and Petition should be denied.

## I. RELEVANT BACKGROUND

A.  Plaintiff's EEOC claim

This case arises out of Plaintiff Judith Skiba's ("Plaintiff") employment at the Family Dollar Store in Moss Point, Mississippi. Compl. [1] at 3. On February 8, 2016, Plaintiff filed a Charge of Discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), with the Equal Employment Opportunity Commission ("EEOC"). *See* EEOC documents [18-7] at 2. Plaintiff claimed that she had been discriminated against based upon her "race (White)." Plaintiff alleged that she was hired in 2014, but that beginning on January 25,

2015, she was continuously subjected to racial slurs and vulgar language by a "Black coworker" which created a hostile work environment. *Id*. Plaintiff asserted that when she complained to her manager and to the corporate offices, her work hours were decreased while "Blacks were getting favoritism by getting more hours." *Id*. Plaintiff contended that she was the only remaining "White employee" at the store when she was constructively discharged by being forced to resign due to the deplorable work conditions. *Id*. On October 7, 2016, the EEOC issued its Dismissal and Notice of Rights informing Plaintiff that it was not able to conclude that she had been discriminated against under Title VII. *Id*. at 1.

B.  Plaintiff's Complaint in this Court

On December 23, 2016, Plaintiff, proceeding pro se, filed a Complaint [1] in this Court advancing claims for violations of Title VII and of Mississippi Code § 25-9-103(c) and § 97-3-107. Plaintiff named as Defendants Robert Sasser, CEO, Dollar Tree Company Parent Company; Gary Philbin, President of Family Dollar Company, Subsidiary Company of Dollar Tree Company; Aaron Hendricks, District Manager of Family Dollar Company, Subsidiary of Dollar Tree Company; and Joe Young, Manager of Family Dollar Company, Subsidiary of Dollar Tree Company ("Defendants"). Compl. [1] at 1-7.

Specifically, Plaintiff asserted that she was a sixty-two year old white female who had been employed with Family Dollar for a year and a half. Compl. [1] at 3.

When a new store manager, Joe Young, was hired he allegedly began hiring only black employees and discharging white employees, until Plaintiff was the only remaining white employee at that store. *Id*. at 3-4. According to Plaintiff, beginning in January 2015, a black employee began to harass her, including subjecting her to racial slurs, which purportedly created a hostile work environment. *Id*. Plaintiff claimed that when she complained to her manager and to the corporate offices, her work hours were cut, while the hours of black employees were increased, and that she was forced to resign because she was working only one day a week. *Id*. at 5. Plaintiff sought compensatory damages from each Defendant, jointly and severally, in the amount of $20,000.00, as well as punitive damages from each Defendant, jointly and severally, in the amount of $20,000.00. *Id*. at 6.

On March 28, 2017, Defendants filed a Motion [15] to Dismiss and/or to Compel Arbitration. The Court granted that Motion on September 11, 2017, and ordered that the case be submitted to arbitration. Op. [22].

C. <u>The arbitration of Plaintiff's claims</u>

The arbitration was conducted on April 24, 2018, at Brooks Court Reporting in Gulfport, Mississippi. Mem. in Supp. [27] at 2. On May 8, 2018, after weighing the evidence, the testimony and credibility of the witnesses, and the documentary evidence, the Arbitrator found that Plaintiff had failed to prove by a preponderance

3

of the evidence that her employer, Family Dollar Stores of Mississippi, Inc., had violated her Title VII rights. Award of Arbitration [27-4] at 3-4. The Arbitrator further found that the evidence "at best proves only that a fellow employee," "in no way connected with the management" of Family Dollar Stores of Mississippi, Inc., discriminated against Plaintiff on the basis of race. *Id*. at 4. The award dismissed Plaintiff's Title VII claims with prejudice, and ordered Family Dollar Stores of Mississippi, Inc., to pay all arbitration expenses and fees.

Apparently, Plaintiff filed a Motion for Reconsideration of the Award of Arbitration on or about May 19, 2018, which the Arbitrator addressed in a Disposition of Motion for Reconsideration in Award of Arbitrator [29-2]. The Arbitrator found in pertinent part that

> Rule 40 of Employment Rules of the AAA provide that an arbitrator, upon notice, may correct any clerical, typographical, technical, or computational errors in the award. "The arbitrator is not empowered to redetermine the merits of any claim already decided." Therefore, I conclude that I am without jurisdiction to consider Claimant's present motion. However, if jurisdiction did exist, Claimant's motion would be denied.
>
> Several prehearing conferences were conducted regarding discovery issues raised by Claimant. Respondent responded by providing Claimant with all materials in its possession requested by Claimant. No documents were introduced at the evidentiary hearing which had not been provided to Claimant by Respondent.
>
> At a prehearing conference prior to the evidentiary hearing, Claimant complained that she had been advised by the Respondent that she could not engage the services of a court reporter. Respondent denied having ever told Claimant that. In that same conference call I told Claimant

4

> that she was certainly entitled to engage the services of a court reporter if she so chose. She did not do so.
>
> Finally, your arbitrator was not biased against Claimant, and her allegation that I favored the Respondent is simply untrue.

Disposition of Mot. for Recons. in Award of Arbitrator [29-2] at 1.

D. <u>Plaintiff's Motion and Petition to reopen case to vacate the arbitration award</u>

On June 29, 2018, Plaintiff filed the present Motion [24] to Reopen Case and Set Aside Judgment for Fraud, Misrepresentation, and Misconduct, and a Petition [26] to Vacate Arbitration Award. Plaintiff argues that her case should be reopened and the arbitration award vacated because: (1) the Arbitrator exceeded his powers because he dismissed all Respondents except for Family Dollar Stores of Mississippi, Inc.; (2) the award was procured by corruption, fraud, and undue means because the Arbitrator was not qualified to decide the case, on grounds that he is an attorney practicing law in Tennessee and is not licensed to practice law in Mississippi and is not a retired judge; and (3) the award was procured in violation of Federal Rules of Civil Procedure 26 and 34 and of Plaintiff's constitutional right to prepare her case, because Defendants did not respond to her document requests and introduced documents at the hearing that had not been produced, and because Plaintiff was not allowed to retain a court reporter for the hearing. Mot. to Reopen [24] at 1-2; Pet. to Vacate [26] at 1; Mem. in Supp. [27] at 1-4. Plaintiff also asks

that a hearing be set in order for her to present argument on these issues. *Id*. at 2; Pet. to Vacate [26] at 1; Mem. in Supp. [27] at 5.

In its Memorandums in Opposition [28] [29], Defendants posit that the Arbitrator did not exceed his authority by dismissing the parties identified by Plaintiff and allowing her claims to proceed only against her then-employer, Family Dollar Stores of Mississippi, Inc., because Title VII claims lie only against a person's actual employer. Mem. in Opp'n [28] at 3-4; Mem. in Opp'n [29] at 3-4. Defendants further counter that the Arbitrator was qualified to conduct the arbitration because, even though he currently practices law in Tennessee and is not licensed in Mississippi, he is a retired judge and justice from the State of Tennessee.[1] Mem. in Opp'n [28] at 4; Mem. in Opp'n [29] at 4-5; AAA Letter [29-1] at 7-8. Finally, Defendants contend that all documents presented during the hearing were "produced to or by" Plaintiff prior to the hearing, and that Plaintiff was advised by the Arbitrator that she could retain the services of a court reporter. Mem. in Opp'n [28] at 4-5; Mem. in Opp'n [29] at 5-6. Defendants conclude that Plaintiff has failed to state a viable ground for reopening this case or otherwise

---

[1] The Arbitration Agreement provides that "the Arbitrator shall be either an attorney who is experienced in employment law and licensed to practice in the state in which the arbitration is convened, or a retired judge from any jurisdiction." Family Dollar, Inc., Mutual Agreement to Arbitrate Claims [27-1] at 2.

vacating or modifying the arbitration award. Mem. in Opp'n [28] at 5; Mem. in Opp'n [29] at 6.

In rebuttal, Plaintiff maintains that the resume attached to the AAA Letter [29-1] providing the parties with a list of potential arbitrators and their resumes stated that William M. Barker, the Arbitrator the parties selected to hear the case, was "retired," but the document she attaches from the Board of Professional Responsibility of the Supreme Court of Tennessee [27-8] states that he is not retired. For this reason, the Arbitrator did not satisfy the requirements of the arbitration agreement. Resp. [30] at 1-2. Plaintiff further asserts that Defendants committed a crime by falsely and fraudulently representing that Family Dollar of Mississippi, Inc., was her employer, even though her November 10, 2015, paycheck was issued by Family Dollar, Inc. *Id.*; Check [27-5] at 1.

## II. DISCUSSION

A. Relevant legal authority

A district court's review of an arbitration award is "exceedingly deferential." *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 674 (5th Cir. 2012) (quoting *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007)). "Under the Federal Arbitration Act ('FAA'), an arbitrator's decision will be vacated 'only in very unusual circumstances.'" *Rainier DSC 1, L.L.C. v. Rainier Capital Mgmt., L.P.*, 828 F.3d 362, 364 (5th Cir. 2016) (quoting

7

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)). "The burden of proof is on the party seeking to vacate the award, and any doubts or uncertainties must be resolved in favor of upholding it." *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016) (citation omitted).

9 U.S.C. § 10(a) provides that

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

"Notably, Section 10(a) does not provide for vacatur of an arbitration award based on the merits of a party's claim." *Householder Grp. v. Caughran*, 354 F. App'x 848, 851 (5th Cir. 2009). Courts do not have authority to review an arbitrator's decision on the merits. *See id.* (citing *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001); *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 357 (5th Cir. 2004), *overruled on other grounds*, 562 F.3d 349 (5th Cir. 2009)).

The merits of an arbitration award have no bearing on a determination of whether statutory grounds exist under Section 10(a) to vacate the arbitration award. *See id.*

Misconduct requiring vacation of an award must be an error in the arbitrator's determination that is not simply an error of law, but which so affects the rights of a party that it deprived the party of a fair hearing. *Rainier DSC 1, L.L.C.*, 828 F.3d at 364 (quoting *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006)). A mere mistake of fact or law will not justify setting aside an arbitration award. *See Cooper,* 832 F.3d at 546. "The risk that arbitrators may construe the governing law imperfectly in the course of delivering a decision that attempts in good faith to interpret the relevant law is a risk that every party to arbitration assumes." *Id.* (quotation omitted).

A party alleging under §10(a)(1) that fraud constitutes the basis for vacating an arbitration award must prove the existence of three elements: "(1) that the fraud occurred by clear and convincing evidence; (2) that the fraud was not discoverable by due diligence before or during the arbitration hearing; and (3) the fraud was materially related to an issue in the arbitration." *Morgan Keegan & Co. v. Garrett*, 495 F. App'x 443, 447 (5th Cir. 2012) (quoting *Barahona v. Dillards, Inc.,* 376 F. App'x 395, 397 (5th Cir. 2010)); *see also Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 306 (5th Cir. 2004).

With regard to the third prong, "[i]t is not necessary to establish that the result of the arbitration would have been different if the fraud had not occurred." *Id.* (quoting *Karaha Bodas*, 364 F.3d at 306-07). However, § 10(a)(1) does require "a nexus between the alleged fraud and the basis for the panel's decision." *Id.* (quoting *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1022 (5th Cir. 1990)).

B. <u>Analysis</u>

1. <u>Plaintiff's claim that the arbitration award should be vacated because the Arbitrator exceed his authority</u>

Plaintiff alleges that the Arbitrator exceeded his authority when he dismissed all of the entities and individuals she had named as Defendants, and only allowed her to pursue her claims against the entity Defendants contended was Plaintiff's employer, Family Dollar of Mississippi, Inc., such that the arbitration award should be vacated. The Court finds that the Arbitrator's decision to dismiss the other named Defendants, while allowing her to pursue her Title VII claims against Family Dollar of Mississippi, Inc., whom he deemed to be the proper party, went to the merits of Plaintiff's claims. This Court therefore lacks jurisdiction to disturb the award on this basis, *Householder Grp.,* 354 F. App'x at 851, and when a court considers whether an arbitrator exceeded his or her authority, all doubts must be resolved "in favor of arbitration," *Timegate Studios, Inc. v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 802 (5th Cir. 2013) (quotation omitted).

Even if the arbitrator's holding was based upon a serious error of fact or law, any such error alone is likewise insufficient to establish misconduct under 9 U.S.C. § 10(a). *See Cooper*, 832 F.3d at 546; *see also Rainier DSC 1, L.L.C.*, 828 F.3d at 364. There is no evidence in the record before the Court that the Arbitrator's determination was one that so affected Plaintiff's rights that it may be said that she was deprived of a fair hearing. *See id.* Indeed, every indication in the record is that Plaintiff received a fair hearing. *Karaha Bodas Co., L.L.C.*, 364 F.3d at 299 (holding that a fundamentally fair hearing by an arbitrator is one that "meets the minimal requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator") (internal quotation omitted)).

In sum, Plaintiff has not shown that the Arbitrator refused to hear material evidence, engaged in "misconduct," or deprived her of a fair hearing. Plaintiff has not shown a sufficient basis for vacatur of the arbitration award, and her claim that the Arbitrator exceeded his authority should be denied. *See* 9 U.S.C. § 10(a); *Cooper*, 832 F.3d at 544.

2. <u>Plaintiff's claim that the award should be vacated because it was procured by corruption, fraud, and undue means</u>

Plaintiff alleges that the award was procured by corruption, fraud, and undue means because the Arbitrator was not qualified to conduct the arbitration for the reason that he was an attorney licensed in Tennessee and not in Mississippi. According to Plaintiff, she only learned after the April 25, 2018, hearing that the

11

Arbitrator was not qualified. Defendants' Memorandums counter that Plaintiff received a copy of the Arbitrator's resume by letter dated October 24, 2017, which plainly informed Plaintiff that the Arbitrator was a retired judge and justice who was practicing law in Tennessee at the time of the arbitration. Plaintiff's Response [30] did not deny that she received this resume.

After review of the record, including the Arbitrator's resume, the Court must agree that Plaintiff was placed on notice that the Arbitrator was currently employed as an attorney with Chambliss, Bahner & Stophel, P.C., in Chattanooga, Tennessee. The resume also revealed that the Arbitrator had served as a Chief Justice and Justice of the Tennessee Supreme Court from 1998 through 2008; a Judge on the Tennessee Court of Criminal Appeals from 1995 to 1998; and a Tennessee Circuit Court Judge from 1983 to 1985.

If a party is on notice of a possible objection to either the selection process for an arbitrator or an arbitrator's qualifications, that objection must be presented prior to the arbitration hearing, or at the beginning of the hearing, so that any objections may be addressed at that time. If a party fails to do so, the objections are deemed waived. *Brook v. Peak Int'l Ltd.*, 294 F.3d 668, 674 (5th Cir. 2002) ("The failure to file a clear written objection to a defect in the selection process [for an arbitrator] constitutes waiver."). "It is well settled that a party may not sit idle through an arbitration procedure and then collaterally attack the procedure on

12

grounds not raised before the arbitrators when the result turns out to be adverse." *Id.* (quotation omitted).

Whether or not the Arbitrator's employment with a law firm would have disqualified him in this case, in spite of the fact that he is a retired judge, is an issue that the Court need not resolve. The record clearly reflects that Plaintiff knew, or should have known, of her objection to the Arbitrator's qualifications prior to the commencement of the arbitration hearing, and she should have objected at that time.[2] Therefore, Plaintiff waived any objection to the Arbitrator's qualifications, and her claim that the award should be vacated because it was procured by corruption, fraud, and undue means should be denied.

3. Plaintiff's claim that the award was procured in violation of Federal Rules of Civil Procedure 26, 34, and her constitutional right to prepare her case

Liberally construing Plaintiff's pleadings, it appears that she contends that the award should be vacated pursuant to § 10(a)(3), which provides that an arbitration award may be vacated

> where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

---

[2] Additionally, Plaintiff cannot satisfy her burden to establish fraud under §10(a)(1) as a basis for vacating the award because she cannot establish that the alleged fraud was not discoverable by due diligence before or during the arbitration hearing. *Morgan Keegan & Co.,* 495 F. App'x at 447.

13

9 U.S.C. § 10(a)(3). Plaintiff seems to allege that the Arbitrator was guilty of misconduct, which resulted in prejudice to her rights, by failing to require Defendants to respond to her discovery requests under Federal Rules of Civil Procedure 26 and 34; by allowing Defendants to offer evidence into the record that had not been produced to Plaintiff; and by failing to allow her to retain the services of a court reporter. However, Plaintiff has not identified any specific item of evidence or document in her Motion [24], Petition [26], Memorandum [27], or Response [30] that she contends was withheld during discovery or introduced at the hearing over her objection. Neither does Plaintiff identify any witness whom she was not permitted to call.

The record before the Court simply does not support Plaintiff's position. To the contrary, attached as an Exhibit to Plaintiff's Memorandum [27] is Arbitration Order No. 2 [27-7], which reflects that Plaintiff's discovery issues were addressed in a teleconference held on February 14, 2018, prior to the arbitration. Further, in his May 29, 2018, Disposition of Motion for Reconsideration in Award of Arbitrator [29-2], the Arbitrator again addressed these discovery claims, and specifically found that: (1) Plaintiff's discovery claims were addressed in several prehearing conferences; (2) no documents were introduced at the hearing which had not been produced to Plaintiff; and (3) Plaintiff had been advised by the Arbitrator himself that she could retain the services of a court reporter. Disposition of Mot. for

14

Recons. in Award of Arbitrator [29-2] at 1. Plaintiff has not refuted these findings in her Response [30].

Based upon the record, the Court cannot find any support for Plaintiff's claim that the arbitration award should be vacated because Plaintiff has not produced any evidence that the Arbitrator refused to hear any material evidence, engaged in any misconduct, or otherwise deprived Plaintiff of a fair hearing. *See Rainier DSC, L.L.C.,* 828 F.3d at 366. Plaintiff's claim that the award was in violation of Federal Rules of Civil Procedure 26 and 34 and her constitutional rights should be denied. *See Parker,* 426 F. App'x at 289.

C.   Plaintiff's request for a hearing

Plaintiff has not produced any material evidence to support her claims that the award should be set aside or vacated. Oral argument would not assist her in advancing those claims. Plaintiff's request for a hearing should be denied.

III.   CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. After carefully reviewing the record, the Court concludes that Plaintiff has not met her burden of demonstrating the existence of any ground for vacating the arbitration award in this case. Plaintiff's Motion [24] to Reopen Case and Set Aside Judgment

15

for Fraud, Misrepresentation, and Misconduct, her Petition [26] to Vacate Arbitration Award, and her request for a hearing will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Judith Skiba's Motion [24] to Reopen Case and Set Aside Judgment for Fraud, Misrepresentation, and Misconduct, her Petition [26] to Vacate Arbitration Award, and her request for a hearing are **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 19th of October, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE